**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

VENUS HARRIS,

      Plaintiff,

v.                                   CASE NO. 5:23cv249-RH-MJF

CITY OF CALLAWAY, FLORIDA,

      Defendant.

_____/

## ORDER DENYING THE MOTION TO DISMISS

      The defendant City of Callaway has moved to dismiss the plaintiff's Title VII claims for failure to file the action within 90 days after receipt of a right-to-sue notice. This order denies the motion without prejudice. The order sets out the facts on the best view of the current record. *See Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (treating exhaustion in a prisoner case as a matter in abatement properly raised by motion to dismiss); *Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424–25 (11th Cir. 2010) (holding *Bryant* applicable to Title VII exhaustion). The City has not conducted discovery on this issue, and there has been

no evidentiary hearing. An evidentiary hearing will be conducted if warranted on any renewed motion.

The plaintiff Venus Harris filed a timely charge of discrimination with the Equal Employment Opportunity Commission. The charge is not in the record, but it apparently listed Ms. Harris's address as c/o her attorney, Marie A. Mattox, at Ms. Mattox's street address. The record does not indicate the charge included Ms. Mattox's email address.

On August 14, 2022, Ms. Mattox's employee Joe Oldani mailed the EEOC a request for a right-to-sue notice. The request listed Ms. Mattox as the sender and included the office's street address, not an email address. Mr. Oldani emailed the EEOC three more requests for a right-to-sue notice, on November 25, 2022, December 5, 2022, and April 2, 2023. These included Ms. Mattox's name as the sender and came from Mr. Oldani's email address. They did not include Ms. Mattox's email address.

As it turns out, the EEOC responded to the December 5, 2022 request, emailing a right-to-sue notice to Ms. Mattox's individual email account on December 6, 2022. The notice made it into Ms. Mattox's inbox, but she receives roughly 500 emails per day at that address. She does not review all of her emails and did not see this one. She learned of the December 6, 2022 right-to-sue notice

only when the EEOC contacted Mr. Oldani in response to the April 2, 2023 request.

Ms. Mattox filed this lawsuit on Ms. Harris's behalf in June 2023—more than 90 days after the EEOC emailed the December 6, 2022 right-to-sue notice to Ms. Mattox but fewer than 90 days after Mr. Oldani and in turn Ms. Mattox first saw the notice.

The standard practice that had been adopted by the EEOC, Ms. Mattox, and Mr. Oldani was for the EEOC to email right-to-sue notices to Mr. Oldani. The practice was followed in hundreds of cases; Ms. Mattox's firm receives roughly 10 right-to-sue notices per month and has done so for many years. But in three cases, including this one, the EEOC employee who customarily issued right-to-sue notices did not issue the notices. Instead, they were issued by a different employee, one who apparently was unaware of the standard practice.

A Title VII plaintiff must file suit within 90 days after receipt of a right-to-sue notice. When, as here, the plaintiff or plaintiff's attorney does not actually learn of the notice, the issue is analyzed "on a case-by-case basis" to achieve a "fair and reasonable" result. *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (quoting *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1340 (11th Cir.1999)). The plaintiff must "assume some minimum responsibility," but the

ability to recover cannot be conditioned on "fortuitous circumstances or events beyond [the plaintiff's] control." *Id.*

Here the issue is close. But Ms. Harris, through her attorney, took more than minimal responsibility, repeatedly asking for a right-to-sue notice and having in place a system for receiving and calendaring notices. And the EEOC bears significant responsibility for the situation, neither mailing the notice to the address listed on the charge nor emailing the notice to the person designated through standard practice as the appropriate recipient. Indeed, this record does not indicate anyone authorized the EEOC to send this notice to the email address it used. *See Stallworth v. Wells Fargo Armored Serv. Corp.*, 936 F.2d 522, 524–25 (11th Cir. 1991) (holding the 90-day period was not triggered by a notice the EEOC did not send to the attorney designated to receive it); *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1243 (11th Cir. 1982) (holding the 90-day period not triggered if, as the plaintiff alleged, he notified the EEOC of an updated address but the EEOC sent the notice to a prior address).

To the extent it matters—probably not at all—the delay in filing this action almost surely caused the City no prejudice.

For these reasons,

IT IS ORDERED:

The motion to dismiss, ECF No. 3, is denied without prejudice.

SO ORDERED on January 4, 2024.

s/Robert L. Hinkle
United States District Judge